JS 44 (Rev. 03/24)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

LUXOTTICA GROUP, S.P.A., an Italian Corporation, and OAKLEY, INC., a Washington corporation

**(b)** County of Residence of First Listed Plaintiff ____________
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Peacock Law P.C., Troy S. Lawton, 201 Third Street NW, Suite 1340, Albuquerque, New Mexico 87102, 505-998-6116

## DEFENDANTS

FUENTES AUTO SALES LLC and JANET FUENTES, individually

County of Residence of First Listed Defendant ____________
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [x] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- [ ] 110 Insurance
- [ ] 120 Marine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- [ ] 153 Recovery of Overpayment of Veteran's Benefits
- [ ] 160 Stockholders' Suits
- [ ] 190 Other Contract
- [ ] 195 Contract Product Liability
- [ ] 196 Franchise

**REAL PROPERTY**
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers' Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury
- [ ] 362 Personal Injury - Medical Malpractice

PERSONAL INJURY
- [ ] 365 Personal Injury - Product Liability
- [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- [ ] 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

**CIVIL RIGHTS**
- [ ] 440 Other Civil Rights
- [ ] 441 Voting
- [ ] 442 Employment
- [ ] 443 Housing/ Accommodations
- [ ] 445 Amer. w/Disabilities - Employment
- [ ] 446 Amer. w/Disabilities - Other
- [ ] 448 Education

**PRISONER PETITIONS**

Habeas Corpus:
- [ ] 463 Alien Detainee
- [ ] 510 Motions to Vacate Sentence
- [ ] 530 General
- [ ] 535 Death Penalty

Other:
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition
- [ ] 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 690 Other

**LABOR**
- [ ] 710 Fair Labor Standards Act
- [ ] 720 Labor/Management Relations
- [ ] 740 Railway Labor Act
- [ ] 751 Family and Medical Leave Act
- [ ] 790 Other Labor Litigation
- [ ] 791 Employee Retirement Income Security Act

**IMMIGRATION**
- [ ] 462 Naturalization Application
- [ ] 465 Other Immigration Actions

**BANKRUPTCY**
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

**INTELLECTUAL PROPERTY RIGHTS**
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 835 Patent - Abbreviated New Drug Application
- [x] 840 Trademark
- [ ] 880 Defend Trade Secrets Act of 2016

**SOCIAL SECURITY**
- [ ] 861 HIA (1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**
- [ ] 870 Taxes (U.S. Plaintiff or Defendant)
- [ ] 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- [ ] 375 False Claims Act
- [ ] 376 Qui Tam (31 USC 3729(a))
- [ ] 400 State Reapportionment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [ ] 450 Commerce
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced and Corrupt Organizations
- [ ] 480 Consumer Credit (15 USC 1681 or 1692)
- [ ] 485 Telephone Consumer Protection Act
- [ ] 490 Cable/Sat TV
- [ ] 850 Securities/Commodities/ Exchange
- [ ] 890 Other Statutory Actions
- [ ] 891 Agricultural Acts
- [ ] 893 Environmental Matters
- [ ] 895 Freedom of Information Act
- [ ] 896 Arbitration
- [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- [ ] 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing ***(Do not cite jurisdictional statutes unless diversity)***:
15 U.S.C. Section 1114

Brief description of cause:
Trademark Infringement

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** [x] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):* JUDGE ____________ DOCKET NUMBER ____________

DATE: 9/30/2026

SIGNATURE OF ATTORNEY OF RECORD: /s/ Troy S. Lawton

**FOR OFFICE USE ONLY**

RECEIPT # ________ AMOUNT ________ APPLYING IFP ________ JUDGE ________ MAG. JUDGE ________

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| LUXOTTICA GROUP, S.P.A., an Italian Corporation, and OAKLEY, INC., a Washington corporation,<br><br>*Plaintiffs*,<br><br>v.<br><br>FUENTES AUTO SALES LLC and JANET FUENTES, individually,<br><br>*Defendants*. | CASE NO. 1:26-cv-3252<br><br>JURY TRIAL DEMANDED |

## PLAINTIFFS' ORIGINAL COMPLAINT

Plaintiffs Luxottica Group, S.p.A. ("Luxottica") and Oakley, Inc. ("Oakley") files this Original Complaint against Defendants Fuentes Auto Sales LLC and Janet Fuentes, individually, for trademark infringement and counterfeiting in violation of 15 U.S.C. § 1114.

Plaintiffs seek: (1) injunctive relief; (2) statutory damages of up to $2 Million per counterfeit mark due to Defendants' willful counterfeiting; (3) a declaration that this is an exceptional case and an award of Plaintiffs' reasonable and necessary attorneys' fees; and (4) an order that the infringing and counterfeit goods be surrendered for destruction.

## I. SUMMARY OF ACTION

1. This is an action for trademark infringement/counterfeiting under federal law. On information and belief, Defendant Janet Fuentes is the owner and operator of Defendant Fuentes Auto Sales LLC, located at 3024 Broadway Blvd. SE in Albuquerque, NM, 87102 (the "Fuentes Dealership"), and maintains a financial interest in the outcome of that entity.

2. Through the Fuentes Dealership, Defendants knowingly and willfully advertise, display, offers for sale, sell, and/or otherwise distribute into the stream of commerce counterfeit goods bearing the Plaintiffs' Ray-Ban® and Oakley® Marks, resulting in substantial and continuous harm to the rights of intellectual property owners Luxottica and Oakley.

## II. PARTIES

3. Plaintiff Luxottica is an Italian Corporation with its principal place of business in Milan, Italy. Luxottica is a direct subsidiary of EssilorLuxottica S.A.

4. Plaintiff Oakley is a corporation organized and existing under the laws of the State of Washington, having its principal place of business in Foothill Ranch, California. Plaintiff Oakley is an indirect, wholly-owned subsidiary of Luxottica Group S.p.A.

5. On information and belief, Defendant Fuentes Auto Sales LLC is a limited liability company organized and existing under the laws of the State of New Mexico, with a principal place of business located at 3024 Broadway Blvd. SE in Albuquerque, NM, 87102. Defendant Fuentes Auto Sales LLC may be served through its member and organizer, Defendant Janet Fuentes, at that address.

6. On information and belief, Defendant Janet Fuentes is an owner, operator, and moving force of the Fuentes Dealership and the infringing activities alleged herein, personally participated in, directed, controlled, and ratified the promotion, offering for sale, and sale of counterfeit merchandise, and has a financial interest in the outcome of the Fuentes Dealership, through which she is conducting business in New Mexico in this Judicial District. Also on information and belief and according to publicly filed documents, Defendant Janet Fuentes is an

individual residing at 5707 Cletsowny Dr., Albuquerque, NM, 87105, and may be served with process at that address.

7. On information and belief, Defendants are directly engaging in the promotion and/or sale of counterfeit and infringing products within this Judicial District.

## III. JURISDICTION AND VENUE

8. The Court has subject-matter jurisdiction over the Lanham Act claims in this action pursuant to 28 U.S.C. §§ 1331 and 1338.

9. The Court has personal jurisdiction over Defendants because Defendant Fuentes is a citizen of the State of New Mexico, Defendant Fuentes Auto Sales is a New Mexico LLC, and both are doing business in New Mexico and this District. The Court also has personal jurisdiction over Defendants because the acts that are the subject of Plaintiffs' claims, including trademark infringement, counterfeiting, and unfair competition, were committed by Defendants in the State of New Mexico, in this District. Defendants are doing business in this District and committing acts of infringement in this District.

10. Under 28 U.S.C. § 1391(b)(2), venue is proper in this District because a substantial part of the events giving rise to the claims of this action occurred in this District.

## IV. FACTUAL ALLEGATIONS

### A. The World-Famous Luxottica Brands and Products

11. Luxottica is engaged in the manufacture, marketing, and sale of premium, luxury, and sports eyewear throughout the world. Luxottica's proprietary brands include Ray-Ban®, the world's most famous sun eyewear brand, as well as Oakley®, Vogue Eyewear®, Persol®, Oliver Peoples®, Alain Mikli®, and Arnette®.

12. Through its affiliates and subsidiaries, Luxottica operates over 7,000 optical and sun retail stores, including LensCrafters, Pearle Vision, and ILORI in North America, OPSM and Laubman & Pank in Asia-Pacific, LensCrafters in China, GMO in Latin America, and Sunglass Hut worldwide.

13. Luxottica's Ray-Ban® products are distributed and sold through its optical and sun specialty retail stores, authorized retail and department stores, and via its internet websites, including www.ray-ban.com, throughout the United States, including Ohio. Luxottica does not offer its merchandise for sale through individuals or unauthorized retail locations.

14. Luxottica has used a variety of legally protected trademarks for many years on and in connection with the advertisement and sale of its Ray-Ban® products.

15. Luxottica is the owner of the following United States Federal Trademark Registrations (collectively, the "Ray-Ban® Marks"):

| Registration Number | Trademark | Good and Services |
|---|---|---|
| 650,499 | Ray-Ban | FOR: SUNGLASSES, SHOOTING GLASSES, AND OPHTHALMIC LENSES – IN CLASS 26. |
| 1,080,886 | RAY-BAN | FOR: OPHTHALMIC PRODUCTS AND ACCESSORIES – NAMELY, SUNGLASSES; EYEGLASSES; SPECTACLES; LENSES AND FRAMES FOR SUNGLASSES, EYEGLASSES, SPETACLES – IN CLASS 9. |
| 1,093,658 | Ray-Ban | FOR: OPHTHALMIC PRODUCTS AND ACCESSORIES – NAMELY, SUNGLASSES; EYEGLASSES; SPECTACLES; LENSES AND FRAMES FOR SUNGLASSES, EYEGLASSES, SPECTACLES AND GOGGLES; AND CASES AND OTHER PROTECTIVE COVERS FOR SUNGLASSES, EYEGLASSES, |

| | | |
|---|---|---|
| | | SPECTACLES – IN CLASS 9. |
| 3,522,603 | | FOR: SUNGLASSES, EYEGLASSES, LENSES FOR EYEGLASSES, EYEGLASSES FRAMES, CASES FOR EYEGLASSES- IN CLASS 9. |

16. Luxottica has expended substantial time, money, and other resources in developing, advertising, and otherwise promoting the Ray-Ban® Marks. As a result, products bearing the Ray-Ban® Marks are widely recognized and exclusively associated by consumers, the public, and the trade as being high-quality products sourced from Luxottica and have acquired strong secondary meaning.

17. Luxottica has long been manufacturing, advertising, offering for sale and selling eyewear in interstate commerce under the Ray-Ban® Marks. These registrations are valid, subsisting, and incontestable.

18. The registration of the Ray-Ban® Marks constitutes *prima facie* evidence of their validity and conclusive evidence of Luxottica's exclusive right to use the marks in connection with the goods identified therein and other commercial goods.

19. The registration of the marks also provides constructive notice to Defendants of Luxottica's ownership and exclusive rights in the Ray-Ban® Marks.

20. The Ray-Ban® Marks at issue in this case have been continuously used in interstate commerce and have never been abandoned.

## B. Oakley's Famous Brand and Trademarks

21. Oakley is an internationally recognized manufacturer, distributor, and retailer of sports eyewear, apparel, footwear, outerwear, jackets, accessories, and other related merchandise.

22. Oakley® products are distributed and sold to consumers through Oakley's own Oakley O® stores, its affiliates' sun retail stores, authorized retailers, and via its internet website,

www.oakley.com, throughout the United States, including Texas. Oakley does not offer its merchandise for sale through individuals, street vendors, unauthorized retail locations, or flea markets.

23. For many years, Oakley has used a variety of legally-protected trademarks on and in connection with the advertisement and sale of its Oakley® products.

24. Oakley is the owner of the following United States Federal Trademark Registrations (collectively, the "Oakley® Marks"), among others:

| **Registration Number** | **Trademark** | **Good and Services** |
|---|---|---|
| 1,521,599 | OAKLEY | SUNGLASSES AND ACCESSORIES FOR SUNGLASSES, NAMELY, REPLACEMENT LENSES, EAR STEMS AND NOSE PIECES. |
| 1,980,039 | | PROTECTIVE AND/OR ANTI-GLARE EYEWEAR, NAMELY SUNGLASSES, GOGGLES, SPECTACLES AND THEIR PARTS AND ACCESSORIES, NAMELY REPLACEMENT LENSES, EARSTEMS, FRAMES, NOSE PIECES AND FOAM STRIPS; CASES SPECIALLY ADAPTED FOR PROTECTIVE AND/OR ANTI-GLARE EYEWEAR AND THEIR PARTS AND ACCESSORIES |

| | | |
|---|---|---|
| 3,331,124 | | PROTECTIVE EYEWEAR, NAMELY SPECTACLES, PRESCRIPTION EYEWEAR, ANTI GLARE GLASSES AND SUNGLASSES AND THEIR PARTS AND ACCESSORIES, NAMELY REPLACEMENT LENSES, FRAMES, EARSTEMS, AND NOSE PIECES; CASES SPECIALLY ADAPTED FOR SPECTACLES AND SUNGLASSES AND THEIR PARTS AND ACCESSORIES |
| 1,984,501 | | PROTECTIVE AND/OR ANTI-GLARE EYEWEAR, NAMELY SUNGLASSES, GOGGLES, SPECTACLES AND THEIR PARTS AND ACCESSORIES, NAMELY REPLACEMENT LENSES, EARSTEMS, FRAMES, NOSE PIECES AND FOAM STRIPS; CASES SPECIALLY ADAPTED FOR PROTECTIVE AND/OR ANTI-GLARE EYEWEAR AND THEIR PARTS AND ACCESSORIES |
| 3,151,994 | | PROTECTIVE EYEWEAR, NAMELY SPECTACLES, PRESCRIPTION EYEWEAR, ANTI GLARE GLASSES AND SUNGLASSES AND THEIR PARTS AND ACCESSORIES, NAMELY REPLACEMENT LENSES, FRAMES, EARSTEMS, AND NOSE PIECES; CASES SPECIALLY ADAPTED FOR SPECTACLES AND SUNGLASSES AND THEIR PARTS AND ACCESSORIES |

| | | |
|---|---|---|
| 3,771,517 | OAKLEY | RETAIL STORE SERVICES AND ON-LINE RETAIL STORE SERVICES FEATURING EYEWEAR, REPLACEMENT LENSES, EYEWEAR NOSEPIECE KITS, CLOTHING, HEADWEAR, FOOTWEAR, WATCHES, DECALS, ELECTRONICS DEVICES, POSTERS, ATHLETIC BAGS, HANDBAGS, BACKPACKS AND LUGGAGE |
| 3,771,516 | | RETAIL STORE SERVICES AND ON-LINE RETAIL STORE SERVICES FEATURING EYEWEAR, REPLACEMENT LENSES, EYEWEAR NOSEPIECE KITS, CLOTHING, HEADWEAR, FOOTWEAR, WATCHES, DECALS, ELECTRONICS DEVICES, POSTERS, ATHLETIC BAGS, HANDBAGS, BACKPACKS AND LUGGAGE |

25. Oakley has expended substantial time, money, and other resources in developing, advertising, and otherwise promoting the Oakley® Marks. As a result, products bearing the Oakley® Marks are widely recognized and exclusively associated by consumers, the public, and the trade as being high-quality products sourced from Oakley and have acquired strong secondary meaning.

26. Oakley has long been manufacturing and selling in interstate commerce eyewear under the Oakley® Marks. These registrations are valid and subsisting, and the majority are incontestable.

27. The registration of the marks constitutes prima facie evidence of their validity and conclusive evidence of Oakley's exclusive right to use the Oakley® Marks in connection with the goods identified therein and other commercial goods.

28. The registration of the marks also provides constructive notice to Defendants of Oakley's ownership and exclusive rights in the Oakley® Marks.

29. The Oakley® Marks qualify as famous marks, as that term is used in 15 U.S.C. § 1125(c)(1).

30. The Oakley® Marks at issue in this case have been continuously used in interstate commerce and have never been abandoned.

**C. <u>Defendants' Infringing Conduct</u>**

31. On information and belief, Defendant Janet Fuentes owns and operates Defendant Fuentes Auto Sales LLC, located at 3024 Broadway Blvd. SE in Albuquerque, NM, 87102.

32. On April 17, 2026, Plaintiffs' representative visited the Fuentes Dealership, where the representative took note of exterior signage at the entrance to the business advertising 'SUNGLASSES.' The representative was approached by a female sales associate who, upon inquiry, identified a large floor-standing glass display containing a substantial number of luxury-branded sunglasses, including Oakley® and Ray-Ban®. The representative also noted a number of Oakley® branded baseball caps as well.

33. Ultimately, Plaintiffs' representative purchased the following from Defendants:

- One (1) Oakley 'Misc' Black/Gold/Purple
- One (1) Oakley 'Misc' Black/Blue/Yellow
- One (1) Oakley 'Fuel Cell' Black/Blue/Green
- One (1) Ray-Ban 'Misc' Black/Blue
- Two (2) Oakley 'Misc' Black/Purple/Green
- One (1) Oakley 'Two Face' Black/Blue/Green
- One (1) Oakley 'Fuel Cell' Black/Blue/Grey
- Two (2) Oakley 'Misc' Black/Black/Red
- One (1) Oakley 'Misc' Black/Green/Black
- One (1) Oakley 'Misc' Black/Gold/Red
- One (1) Oakley 'Misc' Black/Blue/Blue
- One (1) Oakley baseball hat

The sales associate advised that the sunglasses were $10-$20 each, with a discount for bulk purchases of 12 or more and the price of the Oakley® baseball hat was $20—pricing significantly below typical retail pricing for authentic Ray-Ban® and Oakley® branded goods. Plaintiffs' representative paid $220 cash total, reflecting a discount due to the bulk purchase. The sales associate advised Plaintiffs' representative that the sunglasses, in particular, are a permanent feature at the dealership.

34. Upon delivery and examination, Plaintiffs confirmed that the Ray-Ban® and Oakley® branded goods their representative purchased from Defendants are inauthentic goods bearing spurious, counterfeit copies of Plaintiffs' federally registered trademarks.

35. On June 2, 2026, Plaintiffs provided notice to Defendants of the counterfeit nature of the Ray-Ban® and Oakley® branded goods advertised, offered for sale, and sold through the

dealership and attempted to resolve the matter informally. A true and correct copy of Plaintiffs' June 2, 2026, correspondence is attached hereto as **Exhibit A**. In particular, Plaintiffs requested information specific to any manufacturers, suppliers, or distributors of the counterfeit Ray-Ban® and Oakley® products, as well as sales data that would allow Plaintiffs to calculate actual damages arising out of the infringement. Defendants did not respond.

36. Plaintiffs sent a second notice on July 9, 2026, again requesting information and communication from Defendants that would allow the parties to try and resolve the matter informally. A true and correct copy of Plaintiffs' July 9, 2026, letter is attached as **Exhibit B**. Again, Defendants did not respond.

37. Defendants have intentionally utilized counterfeits of Plaintiffs' Ray-Ban® and Oakley® Marks, on goods and in the advertisement and promotion of goods despite having full knowledge of the falsity of such representations and descriptions, all to the detriment of Plaintiffs.

38. Defendants have no license, authority, or other permission from Plaintiffs to use any of the Ray-Ban® or Oakley® Marks in connection with the advertising, promotion, distribution, public display, sale, and/or offer for sale of any products, including the counterfeit items at issue.

39. The foregoing acts of Defendants constitute direct trademark infringement in violation of federal and state law.

40. These acts of Defendants are intended to cause, have caused, and/or are likely to continue to cause confusion or mistake, or to deceive consumers, the public, and the trade into believing that counterfeit Ray-Ban® and Oakley® branded products offered for sale and sold by Defendants are authentic or authorized products and packaging originating with Plaintiffs.

41. The activities of Defendants, as described above, are likely to create a false impression and deceive consumers, the public, and the trade into believing that there is a connection or association between the counterfeit Ray-Ban® and Oakley® branded products and Plaintiffs.

42. Defendants are well aware of the extraordinary fame and strength of the Ray-Ban® and Oakley® brands and Trademarks, and the incalculable goodwill associated therewith.

43. Further, Defendants are engaging in the above-described counterfeiting and infringing activities knowingly and intentionally or with reckless disregard or willful blindness to Plaintiffs' rights for the purpose of trading on the goodwill and reputation of Plaintiffs.

44. Defendants' knowing and deliberate hijacking of Plaintiffs' marks and sale of counterfeit products is not only willful and malicious, but has caused, and continues to cause, substantial and irreparable harm to Plaintiffs' goodwill and reputation. In addition, the damages caused by Defendants are especially severe because the counterfeit products are inferior in quality to authentic Ray-Ban® and Oakley® branded products.

45. Moreover, Plaintiffs have no ability to control the quality of the goods provided by Defendants in conjunction with the Ray-Ban® and Oakley® Marks, and, therefore, is at risk of irreparable harm for which there is no remedy at law and which money damages cannot repair.

46. By way of example, if customers of Defendants purchase inferior goods, they will likely mistakenly attribute those goods to Plaintiffs due to Defendants' adoption of their marks used in connection with inferior, counterfeit products. Still further, once the counterfeit goods enter the stream of commerce, others who encounter the goods are likely to mistakenly attribute those goods to Plaintiffs. As established above, these actions are taken intentionally by Defendants as part of a scheme to trade on the goodwill built by Plaintiffs through their investment of time, efforts, and

advertising of the Ray-Ban® and Oakley® Marks. Defendants are intentionally trading off the goodwill Plaintiffs have built up in their marks over years of use and promotion.

47. Plaintiffs seek statutory damages, injunctive relief, and attorney's fees, as a result of Defendants' knowing, deliberate, and willful infringement of the Ray-Ban® and Oakley® Marks, pursuant to Section 35 of the Lanham Act (15 U.S.C. § 1117).

## V. CLAIM ASSERTED BY PLAINTIFFS

### COUNT I
### Trademark Infringement and Counterfeiting Under 15 U.S.C. § 1114

48. Plaintiffs repeat and re-allege the allegations contained in the preceding paragraphs as if fully set forth herein.

49. Defendants, without authorization from Plaintiffs, have used and are continuing to use in commerce spurious designations that are identical to, or substantially indistinguishable from, the Ray-Ban® and Oakley® Marks.

50. The foregoing acts of Defendants are intended to cause, have caused, and are likely to continue to cause confusion or mistake, or to deceive consumers, the public, and the trade into believing that counterfeit Ray-Ban® and Oakley® products offered for sale and sold by Defendants are authentic or authorized products of Plaintiffs.

51. Defendants' activities, as described above, are likely to create a false impression and deceive consumers, the public, and the trade into believing that there is a connection or association between the counterfeit products and Plaintiffs.

52. Defendants' acts constitute trademark infringement and counterfeiting in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114. As established by the registration of the marks, the marks are protectable and enforceable against Defendants, and Plaintiffs are the owners and

senior users of the marks. Moreover, Defendants' actions have caused a likelihood of confusion and damage to Plaintiffs. In particular, through infringement of the Ray-Ban® and Oakley® Marks, Defendants are harming Plaintiffs and diverting sales that would otherwise go to Plaintiffs, as well as inserting into the stream of commerce inauthentic, counterfeit products that will be believed to be the authentic products of Plaintiffs. Defendants' infringement of the Ray-Ban® and Oakley® Marks is likely to cause confusion and mistake as to the source of Defendants' goods.

53. Pursuant to Section 35 of the Lanham Act, 15 U.S.C. § 1117(a), Plaintiffs are entitled to recover from Defendants statutory damages of up to $2 million per counterfeit mark, per type of goods, due to Defendants' willful counterfeiting. Plaintiffs also seek their reasonable attorney's fees due to the exceptional nature of this case.

## VI. Demand for Jury Trial

54. In accordance with Federal Rule of Civil Procedure 38, Plaintiffs hereby demand a trial by jury on their claims alleged against Defendants.

## VII. Request for Relief

55. For these reasons, Plaintiffs Luxottica Group, S.p.A. and Oakley, Inc. request that this Court enter judgment in its favor and against Defendants Fuentes Auto Sales LLC and Janet Fuentes, individually, on all counts plead herein, and:

1. Award Plaintiffs up to $2 million in statutory damages per each counterfeit mark per type of goods under 15 U.S.C. § 1117(c)(2);
2. In accordance with 15 U.S.C. § 1117(a), find this case to be exceptional in Plaintiffs' favor and award Plaintiffs the costs and expenses of this action;

3. In accordance with 15 U.S.C. § 1118, order all materials in Defendants' possession or control bearing the Ray-Ban® and Oakley® Marks, or spurious copies or derivatives thereof, be surrendered for destruction;

4. Award Plaintiffs pre-judgment and post-judgment interest at the maximum allowable interest rate; and

5. Grant Plaintiffs such other and further relief, at law or in equity, to which they are justly entitled.

Dated: September 30, 2026

Respectfully submitted,

*/Darin M. Klemchuk/*
Darin M. Klemchuk
(*Pro Hac Vice Pending*)
Texas State Bar No. 24002418
darin.klemchuk@klemchuk.com
Mandi M. Phillips
(*Pro Hac Vice Pending*)
Texas Bar No. 24036117
mandi.phillips@klemchuk.com
**KLEMCHUK PLLC**
8150 N. Central Expressway, 10th Fl
Dallas, Texas 75206
Tel: (214) 367-6000
Fax: (214) 367-6001

-and-

/s/ Troy S. Lawton
Troy S. Lawton
**Peacock Law P.C.**
District of New Mexico No. 22-229
201 Third Street NW, Suite 1340
Albuquerque, New Mexico 87102
tlawton@peacocklaw.com
Telephone: (505) 998-6116
Facsimile: (505) 243-2542

**ATTORNEYS FOR PLAINTIFFS LUXOTTICA GROUP S.P.A AND OAKLEY, INC.**

klemchuk

June 2, 2026

**Via FedEx:**

Fuentes Auto Sales
Ivan Fuentes
Janet Fuentes
3024 Broadway Blvd. SE
Albuquerque, NM 87102

Ivan Fuentes
Janet Fuentes
5707 Cletsoway Dr. SW
Albuquerque, NM 87105

Re: Luxottica Group Intellectual Property Infringement

Dear Mr. and Ms. Fuentes:

This firm represents Luxottica Group S.p.A. ("Luxottica"), owner of the Ray-Ban® family of trademarks ("Luxottica") and its affiliate Oakley, Inc. ("Oakley"), owner of the Oakley® family of trademarks, in connection with certain intellectual property matters. As you are no doubt aware, the Ray-Ban® and Oakley® trademarks are longstanding, widely recognized marks, including the RAY-BAN mark (U.S. Registration No. 1093658), first registered in the United States Patent and Trademark Office on May 9, 1977, with a first use date of April 6, 1937, and the OAKLEY mark (U.S. Registration No. 1521599), registered in 1987 with first use in March 1984. These and the many other federally registered Ray-Ban® and Oakley® trademarks provide constructive notice to you of Luxottica's and Oakley's nationwide trademark rights (collectively, the "Luxottica Marks"). They also constitute conclusive evidence of the Parties' ownership and exclusive right to use their marks in connection with the goods identified in each registration. See 15 U.S.C. § 1115(b).

We are contacting you because it has come to our attention that you are marketing, advertising, offering to sell, and selling counterfeit products bearing the Luxottica Marks at Fuentes Auto Sales, located on Broadway Blvd. in Albuquerque, NM, as shown above.

On April 17, Luxottica's investigator purchased the following items from your physical location (as shown in the attached photos):

- One (1) Oakley 'Misc' Black/Gold/Purple
- One (1) Oakley 'Misc' Black/Blue/Yellow
- One (1) Oakley 'Fuel Cell' Black/Blue/Green

**Klemchuk PLLC**
8150 N Central Expwy
10th Floor
Dallas, TX 75206

**P** 214.367.6000
**F** 214.367.6001

- One (1) Ray-Ban 'Misc' Black/Blue
- Two (2) Oakley 'Misc' Black/Purple/Green
- One (1) Oakley 'Two Face' Black/Blue/Green
- One (1) Oakley 'Fuel Cell' Black/Blue/Grey
- Two (2) Oakley 'Misc' Black/Black/Red
- One (1) Oakley 'Misc' Black/Green/Black
- One (1) Oakley 'Misc' Black/Gold/Red
- One (1) Oakley 'Misc' Black/Blue/Blue

The items purchased at Fuentes Auto Sales were sold for $15 each, excluding tax—prices far below typical retail prices for authentic products bearing these trademarks. In fact, upon examination, each of the items purchased by the investigator from your booth were confirmed to be inauthentic, counterfeit products bearing spurious copies of the Ray-Ban® and Oakley® trademarks (the "Accused Products"). *See*, by way of example, Exhibit A.

As you know, you are not an authorized distributor of Ray-Ban® or Oakley® branded products. Your actions constitute wrongful use and misappropriation of these trademarks in violation of United States federal law and statutory rights including, without limitation: trademark infringement and counterfeiting under Section 43(a) of the Lanham Act; false designation of origin under Section 43(a) of the Lanham Act; federal trademark dilution under Section 43(c) of the Lanham Act; and false advertising and unfair competition under federal law, as well as various common-law violations under state law. Under these circumstances, the Lanham Act entitles the owner of a trademark to recover (1) defendant's profits; (2) any damages sustained by the plaintiff; and (3) the costs of the action. (15 U.S.C. § 1117 et seq). Alternatively, an owner may recover statutory damages ranging from $1,000 to as much as $2,000,000 *per mark* per type of goods.

Luxottica and Oakley demand that you, and any person or entity acting on your behalf or under an agreement with you, immediately cease this infringement. To that end, Luxottica and Oakley demand that you provide us with the following information and assurances by no later than June 10, 2026:

1. Assurances that you have ceased from offering for sale, and/or selling items bearing counterfeits of the Ray-Ban® and/or Oakley® trademarks from anywhere within the physical location identified above, or at any other retail or online locations;

2. The amount of sales, in units and dollars, of Accused Products sold in the United States;

3. A list of retailers and websites through whom you currently offer the Accused Products;

4. The identity of each manufacturer of the Accused Products;

5. The identify and contact information for any supplier of the Accused Products;

6. Remaining inventory (in units) of the Accused Products (including pending orders); and

7. Assurances that you will voluntarily surrender to us all Accused Products and all other products, advertising, marketing, and promotional materials in your possession that use the Luxottica Marks.

Upon receipt of the foregoing, we will quantify Luxottica's and Oakley's demand that you pay to them any and all damages in accordance with 15 U.S.C. § 1117 that are sufficient to compensate them for their losses, including the disgorgement by you of your unlawful profits.

We request that you provide this information and confirm by June 10, 2026, that you will fully comply with these demands. Otherwise, Luxottica and Oakley are prepared to authorize this firm to pursue any and all appropriate legal action. Any further sales of the Accused Products will constitute additional evidence of willful infringement, which may entitle Luxottica and Oakley to recover enhanced monetary damages, including treble damages and attorneys' fees. This letter also serves as notice than you must retain any and all documents and information in your possession related to this matter, the Accused Products, and the Unauthorized Use, in the event formal litigation becomes necessary.

This letter is provided to you without waiver of any of Luxottica's and Oakley's rights or remedies, all of which are expressly reserved.

If you have any questions regarding this matter, please feel free to contact me directly. I look forward to your substantive response on or before **June 10, 2026**.

Sincerely,

Mandi M. Phillips

Mandi Phillips

MMP/csa/Enclosure

# Exhibit A


FUENTES AUTO SALES
INTEREST FREE PAYMENTS!
3024
Broadway SE
AGUAMATIC LANDSCAPE
REAL ROCK REPLICATIONS
SUNGLASSES


FUENTES
Auto Sales


R48•0670
ZNS•9473
UNM
416 0445
TEXAS
MYB•1205
FUENTES AUTO SALES




































Exhibit B

klemchuk

July 9, 2026

Mandi M. Phillips
214.367.6000 tel
214.367.6001 fax
mandi.phillips@klemchuk.com

**Via FedEx**

Fuentes Auto Sales
Ivan Fuentes
Janet Fuentes
3024 Broadway Blvd. SE
Albuquerque, NM 87102

Ivan Fuentes
Janet Fuentes
5707 Cletsoway Dr. SW
Albuquerque, NM 87105

Re: Luxottica Group Intellectual Property Infringement

Dear Mr. and Ms. Fuentes:

As indicated in my June 2, 2026, letter to your attention (receipt of which has been confirmed), this firm represents Luxottica Group S.p.A. ("Luxottica"), owner of the Ray-Ban® family of trademarks ("Luxottica") and its affiliate Oakley, Inc. ("Oakley"), owner of the Oakley® family of trademarks, in connection with certain intellectual property matters. Also as set forth in my initial letter, you have been advised that Luxottica and Oakley have established and possess extensive valuable rights in their intellectual property, including their federally registered Ray-Ban® and Oakley® trademarks, among many others (collectively, the "Marks").

To date, we have received no response to our prior communication complaining of your unauthorized use of the Marks. We likewise have not received the specific information we requested of you, including:

1. Assurances that you have ceased from offering for sale, and/or selling items bearing counterfeits of the Ray-Ban® and/or Oakley® trademarks from anywhere within the physical location identified above, or at any other retail or online locations;

2. The amount of sales, in units and dollars, of Accused Products sold in the United States;

3. A list of retailers and websites through whom you currently offer the Accused Products;

4. The identity of each manufacturer of the Accused Products;

5. The identify and contact information for any supplier of the Accused Products;

6. Remaining inventory (in units) of the Accused Products (including pending orders); and

7. Assurances that you will voluntarily surrender to us all Accused Products and all other products, advertising, marketing, and promotional materials in your possession that use the Luxottica Marks.

Your refusal to cooperate in providing the requested information will leave Luxottica and Oakley no choice but to pursue any and all legal remedies available to them to protect their intellectual property rights, including formal litigation, without further notice to you.

The statement of facts set forth in this letter is not intended to be, nor shall it be deemed to be, a full and complete statement of the facts in this matter. This letter is not intended to be a complete statement of our client's rights and shall not be construed as a waiver of any legal or equitable rights or remedies, all of which are expressly reserved.

Once again, we request that you provide this information and confirm by July 15, 2026, that Fuentes Auto Sales will fully comply with Luxottica's and Oakley's demands. Otherwise, Luxottica and Oakley are prepared to authorize this firm to pursue any and all appropriate legal action. Any further sales of the Accused Products will constitute additional evidence of willful infringement, which may entitle Luxottica and Oakley to recover enhanced monetary damages, including treble damages and attorneys' fees.

If you have any questions regarding this matter, please feel free to contact me directly. I look forward to your substantive response on or before **July 15, 2026**.

Sincerely,

Mandi M. Phillips

Mandi Phillips

MMP/csa